a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARNOT LINO AGBOMENOU, Petitioner | CIVIL DOCKET NO. 1:19-CV-1320-P |
| VERSUS | JUDGE DRELL |
| KEVIN McALEENAN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is an Emergency Motion for Temporary Restraining Order (Doc. 1) filed by *pro se* Petitioner Carnot Lino Agbomenou ("Agbomenou") (#A200-923-103). Agbomenou is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"), detained at the LaSalle Detention Facility in Jena, Louisiana.

Because this Court lacks jurisdiction to enjoin Agbomenou's removal from the United States, his Motion (Doc. 1) should be DENIED and, to the extent his Motion can be construed as Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, it should be DISMISSED for lack of jurisdiction.

## I. Background

Agbomenou seeks to enjoin his removal from the United States pending review of his "petition for adjustment of status." (Docs. 1, pp. 4-5).

## II. Law and Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." Kokkonen v. Guardian Life Ins.

Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing a federal court's jurisdiction rests upon the party that invokes jurisdiction. See Hartford Ins. Group v. Lou–Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) (per curiam). Accordingly, Agbomenou must show that jurisdiction exists. See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

It is well settled that district courts lack jurisdiction to consider requests for a stay of removal proceedings. See Idokogi v. Ashcroft, 66 F. App'x 526 (5th Cir. 2003) (per curiam) ("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133 (5th Cir. 2000) (per curiam) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay. . . ."). Nothing about Agbomenou's Motion or circumstances falls beyond the scope of this binding line of precedent.

### III. Conclusion

Because this Court lacks jurisdiction to enjoin DHS/ICE from removing Agbomenou from the United States, IT IS RECOMMENDED that Agbomeou's Motion (Doc. 1) be DENIED, and to the extent his hand-written *pro se* Motion (Doc. 1) can be liberally be construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a stay of removal, it should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Agbomenou's claim.[1]

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 22nd day of October, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

---

jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); <u>Reed v. Young</u>, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).